UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BENITO J. HERRERA-TONCHE,

    Petitioner,

v.

                                          Case No. 23-cv-720-pp

UNITED STATES OF AMERICA,

    Respondent.

**ORDER GRANTING UNOPPOSED MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (DKT. NO. 1) AND DISMISSING CASE, VACATING JUDGMENT IN CASE NO. 18-CR-197 (DKT. NO. 61) AND ORDERING RESENTENCING HEARING**

On August 28, 2020, the court sentenced the petitioner to serve 130 months in prison after he pled guilty to one count of attempted Hobbs Act robbery and one count of using, carrying and discharging a firearm during that attempted robbery. United States v. Herrera-Tonche, Case No. 18-cr-197 at Dkt Nos. 59, 60. The court imposed a sentence of ten months on the attempted Hobbs Act robbery and a mandatory minimum, consecutive sentence of ten years (120 months) on the 18 U.S.C. §924(c) count. Id. The ten-year mandatory minimum sentence was, the court believed, mandated by §924(c)(1)(A)(iii), which requires that if a defendant discharges a firearm during and in relation to a "crime of violence," the mandatory minimum penalty is ten years, to run consecutively to any other sentence.

1

Nearly two years later, on June 21, 2022, the United States Supreme Court held in United States v. Taylor, ___ U.S. ___, 142 S. Ct. 2015 (2022) that *attempted* Hobbs Act robbery does not qualify as a "crime of violence" for the purposes of triggering §924(c)(1)(A)'s mandatory minimums. On June 6, 2023—less than a year later—the court received from the petitioner this unopposed motion under 28 U.S.C. §2255 to vacate, set aside or correct his sentence, asserting that several district courts around the country have suggested that Taylor might apply retroactively. The petitioner argues that these courts were correct under the Supreme Court's reasoning in Bousley v. United States, 523 U.S. 614, 620-21 (1998)—a decision determining that a substantive federal criminal statute does not reach certain conduct applied retroactively. Id. at 3-4. Counsel identified two cases decided by another judge on this court who had concluded that Taylor applies retroactively. Id. at 4 (citing Evans v. United States, Case No. 22-cv-1326-JPS at Dkt. No. 6[1] (E.D. Wis. Mar. 30, 2023) and Johnson v. United States, Case No. 22-cv-1526-JPS at Dkt. No. 5[2] (E.D. Wis. Mar. 30, 2023)). The petitioner argues that he filed his motion within one year of the Supreme Court's decision in Taylor, and thus that it is timely under

---

[1] For Judge Stadtmueller's extensive discussion of several district courts that have concluded that Taylor applies retroactively on collateral review, see pages 8-11. As in this case, the government conceded that Evans's sentence must be vacated, and Judge Stadtmueller took the government's lack of any discussion about Taylor's retroactivity "as an implied concession as to the retroactivity of *Taylor*." Page 11.

[2] Judge Stadtmueller's retroactivity discussion—including his conclusion drawn from the government's failure to analyze the question—appears at pages 4-5 of his decision in Johnson.

2

§2255(f)(3). Id. The motion also indicates that the parties agree that the court should conduct a "full resentencing." Id. at 4-5.

The court will grant the petitioner's motion. The government does not oppose it. Taylor makes clear that the petitioner's attempted Hobbs Act robbery conviction cannot form the basis for the §924(c) conviction and its accompanying ten-year mandatory minimum sentence. Taylor had not been decided at the time the court sentenced the petitioner; the argument he now presents was not available to him at that time. The petitioner filed the §2255 petition less than a year after the argument did become available to him. As Judge Stadtmueller explained, the reasoning of those sister district courts supporting their conclusions that Taylor applies retroactively on collateral review is persuasive, and the government's lack of opposition to the petitioner's retroactivity argument appears to be a concession that the court may apply Taylor retroactively.

The court **GRANTS** the petitioner's unopposed motion to vacate sentence under 28 U.S.C. §2255 and conduct a resentencing. Dkt. No. 1.

The court **ORDERS** that the August 28, 2020 judgment in the criminal case is **VACATED**. United States v. Herrera-Tonche, Case No. 18-cr-197, Dkt. No. 61.

The court **ORDERS** this case is **DISMISSED**. The clerk will enter judgment accordingly.

The court **ORDERS** that its staff will contact the parties to schedule a full resentencing hearing. The court **ORDERS** that given the significant change

3

in circumstances, the probation department must prepare a second revised presentence investigation report in advance of that resentencing hearing; the court will provide a deadline for disclosure of that report and will provide the parties with deadlines for objections and other related sentencing documents.

Dated in Milwaukee, Wisconsin this 27th day of June, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**